MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Hanoi Barbaro Acosta,

    Plaintiff,

v.

J.T. Shartle, et al.,

    Defendants.

No.   CV 18-00216-TUC-RM

**ORDER**

    On April 23, 2018, Plaintiff Hanoi Barbaro Acosta, who is confined in the United States Penitentiary (USP)-Lewisburg in Lewisburg, Pennsylvania, filed a pro se civil rights Complaint (Doc. 1), a Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 2), and an Application to Proceed In Forma Pauperis (Doc. 3). In a May 15, 2018 Order (Doc. 7), the Court granted the Application to Proceed, ordered Defendants Shartle and Gallion to answer Count Three of the Complaint, dismissed the remaining claims and Defendants without prejudice, and denied the Motion for Preliminary Injunction and Temporary Restraining Order.

    On May 29, 2018, Plaintiff filed a letter (Doc. 13) addressed to the Clerk of Court. He indicated he was returning the service packet to the Clerk of Court and requested an extension of time to file a motion for reconsideration of the May 15 Order.  In a May 31, 2018 Order (Doc. 14), the Court granted the request for an extension of time, but informed Plaintiff that it was improper for a party to communicate directly with court personnel, that any request for action by the Court must be in the form of a motion that

complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules), and that any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Plaintiff.

On June 4, 2018, Plaintiff filed a "Motion for Leave to File Additional Pages and for the Court to Take Judicial Notice of a Fact" (Doc. 16), filed a Motion for Leave to Amend Complaint (Doc. 17), lodged a 23-page First Amended Complaint (Doc. 18), and filed a letter (Doc. 19) addressed to the Clerk of Court.

**I.     Plaintiff's Motions**

In his Motions, Plaintiff requests that the Court grant him leave to file an amended complaint that exceeds the page limitation set forth in the instructions accompanying the court-approved form for filing a complaint. Plaintiff also requests that the Court take note that the lawsuit is being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **and** 28 U.S.C. § 1331, 42 U.S.C. § 1985(3), and the Federal Tort Claims Act (FTCA). He claims this is relevant because the Court's May 15, 2018 Order did not consider these statutes and his claims under these statutes should be allowed to proceed. In addition, Plaintiff seeks Court reconsideration of the Motion for Preliminary Injunction and Temporary Restraining Order in light of the amendments made in the First Amended Complaint.

The Court, in its discretion, will grant Plaintiff's requests to file an amended complaint that exceeds the page limitation. The Court will direct the Clerk of Court to file the lodged First Amended Complaint.

**Defendants are advised that they should not file an answer to Complaint**.[1] In a separate order, the Court, as required by 28 U.S.C. § 1915A(a), will screen the First Amended Complaint, including Plaintiff's claims under 28 U.S.C. § 1331, 42 U.S.C.

---

[1] A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.

- 2 -

§ 1985(3), and the FTCA.  After the Court screens the First Amended Complaint, the Court, if it is appropriate to do so, will direct Defendants to file an answer to the First Amended Complaint.

The Court will not reconsider the Motion for Preliminary Injunction and Temporary Restraining Order based on the amendments in Plaintiff's First Amended Complaint.  The Motion for Preliminary Injunction was denied without prejudice and Plaintiff, if he so chooses, can file a new Motion for Preliminary Injunction based on the information in his First Amended Complaint.

**II.   Plaintiff's Letter**

In his letter, Plaintiff requests that the Clerk of Court notify the undersigned that his mail at USP-Lewisburg is being detained for "unreasonable amounts of time."  He claims he is afraid to file a grievance or a "formal motion asking the Judge to intervene" because he fears retaliation from prison officials.  He requests that the Clerk of Court "intervene to stop this violation of [his] constitutional rights."

As previously explained to Plaintiff, it is improper for a party to communicate directly with court personnel.  Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable.  The Clerk of Court has no authority to grant the relief Plaintiff is requesting.  **Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules)**.  Any future letters will be stricken from the record and will be returned to Plaintiff.

**III.   Warnings**

    **A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's "Motion for Leave to File Additional Pages and for the Court to Take Judicial Notice of a Fact" (Doc. 16) is **granted in part** as to his request to file a first amended complaint containing additional pages and **denied in part as moot** as to his request that the Court take judicial notice of the claims in his First Amended Complaint.

(2)     Plaintiff's Motion for Leave to Amend Complaint (Doc. 17) is **granted in part** as to request to file a first amended complaint and **denied in part** as to his request that the Court reconsider the Motion for Preliminary Injunction in light of the amendments in the First Amended Complaint.

(3)     Plaintiff's letter (Doc. 19) is **denied**.

. . . .

- 4 -

(4)     The Clerk of Court must **file** the lodged First Amended Complaint (Doc. 18).

(5)     Defendants **must not** answer the Complaint and **must not** answer the First Amended Complaint until directed to do so.

Dated this 25th day of June, 2018.

_____
Honorable Rosemary Márquez
United States District Judge